IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 06-585-MJR |
| ) | |
| MADISON COUNTY JAIL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Plaintiff's claim is very brief: he states that he slipped and fell in the shower at the jail,

injuring his back, and he was then taken to the hospital in Granite City. From this brief statement, combined with the fact that Plaintiff names only the jail as a defendant in this action, the Court surmises that Plaintiff is upset about the slippery floor, rather than the quality of medical treatment he received at the hospital.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.* Neither of these elements is present in this action, and Plaintiff has failed to state a claim upon which relief may be granted.

In short, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 25th day of July, 2007.**

        **s/ Michael J. Reagan**
        **MICHAEL J. REAGAN**
        **United States District Judge**